CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 OCT 23 PM 4: 04

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ROBERT LEE BANARGENT, TDCJ #1337759,<br>    Plaintiff,<br><br>v.<br><br>SARAH SCHULTZ-LACKEY,<br>    Defendant. | Civil No. 7:12-CV-103-O-BL |

### REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, seeks redress for the alleged wrongful denial of Social Security benefits. *See* Complaint (Doc. No. 3); Plaintiff's Notice of Letter (Doc. No. 4). He seeks leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of Banargent's prior civil actions, each filed when he was incarcerated, have been dismissed as frivolous and/or for failure to state a claim.[1] Review of the pleadings filed in the instant case reflects that he has failed to present any allegation which could establish that he is under

---

[1] *Banargent v. Texas Court of Criminal Appeals*, No. 1:10-CV-358 (W.D. Tex.) (dismissed on March 16, 2011 for failure to state a claim); *Banargent v. Coleman*, No. 6:11-CV-042 (E.D. Tex.) (dismissed on May 6, 2011 as frivolous and for failure to state a claim); *Banargent v. Culver*, No. 3:08-CV-172 (S.D. Tex.) (case dismissed on July 31, 2008 as frivolous and for failure to state a claim); *Banargent v. Thaler*, No. 3:09-CV-291 (S.D. Tex.) (dismissed on December 17, 2009 as frivolous and for failure to state a claim).

imminent danger of serious physical injury. Therefore, if Banargent wishes to pursue his claims, he must pay the $350.00 filing fee.

For the foregoing reason, it is RECOMMENDED that the complaint be DISMISSED as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). This dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and files a motion to reopen within thirty days of the date of this recommendation. After thirty days, Banargent should be required to file a new lawsuit.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 23rd day of October, 2012.

/s/ E. Scott Frost
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE